NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARTIN & HARRIS PRIVATE LIMITED, | Civil Action No. 23-23418-CCC-AME |
| Plaintiff, | OPINION and ORDER |
| v. |  |
| MERCK & CO., INC., |  |
| Defendant. |  |

**ESPINOSA, U.S.M.J.**

This matter is before the Court on the motion by defendant Merck & Co., Inc. ("Merck") to stay discovery pending decision on its motion to dismiss [D.E 31]. Plaintiff Martin & Harris Private Limited ("M&H") opposes the motion. The Court has considered the parties' written submissions and rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is granted.

**I.    BACKGROUND**

This action for tortious interference with contract and prospective business relations arises out of the termination of a manufacturing and distribution agreement between M&H, an India-based pharmaceutical company, and Organon (India) Limited ("Organon India"), a wholly owned subsidiary of Merck. According to the Complaint, in the 1930s, M&H entered into a business relationship with Organon India, agreeing that M&H would distribute Organon India's products in India (the "Organon India Agreement"). (Compl. ¶¶ 1-2, 14.) In 2007, Organon India was acquired by Schering Plough Corporation, which was thereafter acquired by Merck in 2009.

(*Id.* ¶¶ 3-4, 10, 30.) The Complaint alleges Merck terminated M&H's relationship with Organon India, effective November 2, 2010. (*Id.* ¶¶ 36-38.)

On November 8, 2010, M&H initiated litigation in India, against Organon India, Organon Participations B.V., and Merck, alleging they wrongfully terminated the Organon India Agreement (the "India Litigation"). (*Id.* ¶ 46.) According to the Complaint, the India Litigation remains ongoing and is, in fact, "nowhere near resolution." (*Id.* ¶ 50.) This delay, M&H asserts, is due to the "impossibly backlogged" condition of the commercial court system. (*Id.* ¶ 51.) The Complaint states the India Litigation has not meaningfully progressed since 2015. (*Id.*)

In the meantime, on November 24, 2020, M&H filed an action in this Court upon an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782, captioned *In re Martin & Harris Private Limited*, Civil Action No. 20cv17070 (the "Section 1782 Proceeding"). The Section 1782 Proceeding sought discovery from Merck in aid of the India Litigation. (*Id.* ¶ 48.) The Court granted the application, which was thereafter followed by Merck's motion to quash subpoenas and M&H's motion to compel discovery. *See* 20cv17070, D.E. 7, 9, 11. According to Merck's counsel, who was also involved in the Section 1782 Proceeding, M&H and Merck engaged in substantial meet and confer efforts concerning the scope of discovery, and, after extensive searches conducted in accordance with the parties' agreement, Merck produced nearly 2,500 documents pertaining to termination of the Organon India Agreement and covering the period from January 1, 2008 to December 31, 2012. *See* Dykstra Decl. ¶¶ 2-5. Additionally, M&H deposed three individuals, two of whom were located in Singapore and one in Australia. *Id.* ¶ 6. On October 10, 2023, the Court entered an order dismissing the Section 1782 Proceeding, concluding all issues concerning M&H's application had been resolved. *See* 20cv17070, D.E. 84.

2

On December 29, 2023, M&H filed this action against Merck, asserting claims for tortious interference with contract, tortious interference with prospective business relations, between M&H and Organon India, and unjust enrichment. On March 11, 2024, Merck moved to dismiss the Complaint. The motion argues that this action should be dismissed on grounds of *forum non conveniens* in view of the pending and ongoing India Litigation, that M&H's claims are barred by the statute of limitations, and that the Complaint fails to state a claim upon which relief may be granted.

Shortly thereafter, this Court convened an initial conference, pursuant to Federal Rule of Civil Procedure 16. The parties raised a dispute concerning whether discovery should proceed in view of the pending motion to dismiss, and the Court directed the issue be presented on a motion to stay, providing the parties an opportunity to fully brief their respective arguments.

**II.   DISCUSSION**

The Court, in its discretion, may stay discovery upon a showing of good cause. *See* Fed. R. Civ. P. 26(c); *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) ("Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion."); *see also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982) (holding that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court."). The Supreme Court has held that when a stay of proceedings is requested, the burden is on the requesting party to "make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.* 299 U.S. 248, 255 (1936). The courts of this District have applied this standard to determine

3

whether Rule 26(c)'s good cause requirement for a stay of discovery is satisfied. *Udeen v. Subaru of Am. Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019); *Actelion Pharm. Ltd. v. Apotex Inc.*, No. 12-5743, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013).

Here, Merck argues a stay of discovery pending resolution of the motion to dismiss would avoid potentially futile and duplicative discovery. In opposition, M&H argues that stays due to pending motions to dismiss are disfavored, noting this Court cannot predict how the District Court would rule. M&H further maintains that, notwithstanding the long-pending India Litigation, discovery should proceed here because Merck has not actively participated in that action and because the India Litigation has been largely stalled since 2015.

A stay pending decision on a dispositive motion may be appropriate in certain circumstances, such as where discovery would be futile if the motion is granted. *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). However, it is "well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Gerald Chamales*, 247 F.R.D. at 454; *see also Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) ("Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."). The Court must consider, as a whole, the relative hardships on the parties associated with a stay of discovery. *Udeen*, 378 F. Supp. 3d at 332. Factors that bear on this assessment include "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Id.*

4

Here, the Court finds that the balance of these factors weighs in favor of staying discovery pending decision on Merck's motion to dismiss. The motion seeks dismissal based on M&H's similar, if not duplicative, India Litigation and on the untimeliness of the claims, among other reasons. A relatively brief stay of discovery during the pendency of the motion to dismiss will not unduly prejudice M&H, while denial of a stay will create a clear case of inequity for Merck.

M&H has been pursuing relief against Merck since 2010 for its alleged unlawful termination of the Organon India Agreement. It has successfully obtained substantial discovery from Merck concerning that alleged wrongdoing, through the Section 1782 Proceeding in aid of the India Litigation. Only weeks after the Section 1782 Proceeding was closed, M&H filed this new, third action, asserting direct claims against Merck arising out of alleged misconduct also underlying both the India Litigation and the related Section 1782 Proceeding in this Court. The mere fact that the India Litigation has stalled and/or that the Section 1782 Proceeding did not yield as much discovery as M&H wished to obtain does not warrant proceeding to full and expansive merits discovery in this action, while the District Court determines whether M&H's claims should be dismissed on grounds *forum non conveniens* or as time-barred.

M&H argues staying discovery will harm its ability to obtain relevant and essential information related to its claims that Merck alleged interfered with the Organon India business relationship because the underlying events occurred between 2008 and 2010. However, that concern is belied by the fact that this action was not filed by M&H until December 2023. Although M&H contends it will suffer prejudice due to a risk of spoliation of evidence, that purported risk results from M&H's own decision to wait over thirteen years to file this action, not from a stay of discovery pending resolution of the motion to dismiss.

In contrast, Merck has demonstrated that proceeding with discovery would result in an unfair burden. The Joint Discovery Plan submitted by the parties in advance of the Rule 16 conference indicates that M&H wishes to take discovery on topics including the Organon India Agreement, Merck's acquisition of Organon India, and Merck's termination of the Organon India Agreement. *See* D.E. 24. The proposed discovery is expansive and, to some extent, duplicative, particularly in view of M&H's previous opportunities to explore such topics in the India Litigation and the Section 1782 Proceeding. Indeed, in discovery conducted on substantially identical topics in the Section 1782 Proceeding, Merck has already produced voluminous documents. Although additional discovery might be pursued by M&H in this action in the event it survives the motion to dismiss, in whole or in part, forcing Merck to expend additional resources in discovery now, while the motion is pending, would be likely to cause an unnecessary waste of time, effort, and money.

A decision on the pending motion to dismiss is likely to at least narrow the issues, if not obviate the need for discovery. Additionally, because this action is in its earliest stages, there is no risk of interfering with motion practice, the parties' progress in developing claims and defenses, or an impending trial date. These factors also support a stay of discovery at this point in the litigation.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes a stay of discovery would conserve the parties' resources and serve judicial economy. Therefore, for good cause shown,

**IT IS** on this 8th day of May 2025,

**ORDERED** that Merck's motion for a stay of discovery [D.E. 31] is **GRANTED**; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 26(c), discovery is hereby stayed until a decision is issued on Merck's motion to dismiss the Complaint [D.E. 11]; and it is

further

**ORDERED** that, within two weeks of a decision on the motion to dismiss, the parties shall file a joint letter, outlining the remaining claims and, if necessary, requesting a status conference be scheduled.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge