NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN AND HARRIS PRIVATE LIMITED<br><br>        Plaintiff,<br><br>v.<br><br>MERCK & CO., INC.<br><br>        Defendant. | Civil Action No.: 23-23418<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is the motion to dismiss (ECF No. 6) ("Mot.") plaintiff Martin and Harris Private Limited's ("Plaintiff") complaint (ECF No. 1) ("Cmplt.") on grounds of *forum non conveniens* filed by defendant Merck & Co., Inc. ("Defendant").[1] Plaintiff opposed the motion (ECF No. 17) ("Opp.") and Defendant replied in support (ECF No. 18) ("Reply").[2] The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, Defendant's motion to dismiss is **GRANTED**.

I.   BACKGROUND

This case arises out of Defendant's decision to allegedly terminate without compensation a longstanding business relationship between Plaintiff and one of Defendant's subsidiaries. Plaintiff is an India-based pharmaceutical company with its office in New Delhi, India. Cmplt. ¶ 9. Plaintiff alleges that in the 1930s, it began a relationship with the pharmaceutical company

---

[1] Defendant also sought dismissal, in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 6. Because the Court grants Defendant's motion for dismissal based on *forum non conveniens*, it does not address this alternative argument. *See Jun Zhang v. Gain Cap. Holdings, Inc.*, No. 20-9426, 2021 WL 2103233, at *10 (D.N.J. May 25, 2021) ("[T]he Court dismisses this action for *forum non conveniens* and need not reach the issue of whether the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6).").

[2] Plaintiff's opposition was originally filed at ECF No. 14. But that filing raised issues regarding local rules about page limits and footnote font-size requirements. *See* ECF No. 16. Pursuant to a joint stipulation, Plaintiff refiled its opposition in a format that complied with the local rules at ECF No. 17. *See* ECF No. 34.

Organon India Limited ("Organon"). *Id.* ¶¶ 2, 14. As described below, Organon was later acquired by Defendant. *Id.* ¶¶ 27, 30. At that time, however, Plaintiff alleges that the parties entered into an "exclusive arrangement" pursuant to which Plaintiff would act as Organon's importer and distributor in India "so long as Organon continued to do business" there. *Id.* ¶¶ 14, 19-20. Plaintiff acknowledges this arrangement was never "reduced to writing," aside from a letter agreement signed in 2001 that did not "fully capture" its contours. *Id.* ¶¶ 2, 19. Plaintiff states it invested significant resources in reliance on this unwritten agreement. *Id.* ¶¶ 22.

Organon was acquired in 2007 by the pharmaceutical company Schering Plough. *Id.* ¶ 24. According to Plaintiff, Schering Plough thereafter decided to terminate the agreement between Plaintiff and Organon. *Id.* ¶ 26. But Plaintiff states it was never informed of this decision. *Id.* ¶ 27. Instead, Schering Plough allegedly continued the relationship for the time being to "avoid jeopardizing" the Indian release of a new drug for which it had sought Plaintiff's help. *Id.* ¶ 29.

Schering Plough then merged with Defendant, a New Jersey-based pharmaceutical company, in 2009. *Id.* ¶ 30. The following year, Defendant also allegedly decided to end the relationship between Organon and Plaintiff. *Id.* ¶ 34. Plaintiff was informed of this decision in August 2010. *Id.* ¶ 38. According to Plaintiff, the individuals involved in the decision were not "aware" of the unwritten agreement between it and Organon and accordingly did not provide "compensation" for the termination. *Id.* ¶ 40.

In November 2010, Plaintiff commenced an action against Defendant in the Bombay High Court in Mumbai, India (the "India Litigation"). *Id.* ¶ 46. Plaintiff sought damages equivalent to about $286 million for the "unlawful and unilateral" termination of its unwritten agreement with Organon. *Id.* ¶¶ 46-47. More than ten years later—during which time Plaintiff states that Defendant

"failed to produce any discovery"—Plaintiff filed suit in this Court[3] seeking discovery materials for aid in the India Litigation pursuant to 28 U.S.C. § 1782.[4] *Id.* ¶ 48. Plaintiff received those materials. *Id.* ¶ 49.

Plaintiff filed the instant suit in this Court on December 29, 2023. ECF No.1. According to Plaintiff, it seeks recovery here because India "is not a viable forum." *Id.* ¶ 8. Specifically, Plaintiff states the Indian court system is "impossibly backlogged" and its own case is "nowhere near resolution." *Id.* ¶¶ 50-51. It further contends there have been no "material" developments in its case since 2015, and the action "appears hopelessly stalled." *Id.* ¶ 54.

Plaintiff's complaint asserts three causes of action: tortious interference with contract; tortious interference with prospective business relations; and unjust enrichment. *Id.* ¶¶ 55-80. Defendant filed the instant motion to dismiss pursuant to *forum non conveniens* on March 11, 2024. ECF No. 11.

## II.     STANDARD OF REVIEW

The doctrine of *forum non conveniens* allows a court to dismiss an action when a foreign tribunal would be a "more appropriate and convenient forum." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 425 (2007). To make this determination, courts follow a three-step analysis. First, the court must find whether there is an "adequate alternative forum" to hear the case. *Trotter v. 7R Holdings LLC*, 873 F.3d 435, 442 (3d Cir. 2017). If so, the court moves on to consider the "amount of deference" that should be accorded to the plaintiff's choice of forum. *Id.* Finally, the court is directed to "consider and balance" several private and

---

[3] The matter is found at docket number 2:20-cv-17070.
[4] This statute "allows district courts to authorize litigants to obtain evidence for use in foreign proceedings." *In re Ex Parte Glob. Energy Horizons Corp.*, 674 Fed. Appx. 83, 85 (3d Cir. 2016).

public interest factors described below. *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 295 (3d Cir. 2010). The burden of persuasion is borne throughout by the defendant. *Id.*

## III. DISCUSSION

For reasons discussed below, the Court finds that: (1) India is an adequate alternative forum; (2) Plaintiff's choice of forum is due reduced deference and; (3) public and private interest factors strongly favor trying this case in India. Dismissal is therefore granted.[5]

### A. India is an Adequate Alternative Forum

An alternative forum is generally adequate if the defendant can be served with process there and plaintiff's claims are cognizable. *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013). A claim is cognizable even if the substantive law is "less favorable." *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247 (1981). These minimal requirements are "rarely a barrier" to dismissal. *Tech. Dev. Co., Ltd. v. Onischenko*, 174 Fed. Appx. 117, 120 (3d Cir. 2006). A forum may nonetheless be deemed inadequate, however, in the "rare circumstance" that the remedy it offers is "so clearly inadequate or unsatisfactory that it is no remedy at all." *Wilmot v. Marriott Hurghada Mgmt., Inc.*, 712 Fed. Appx. 200, 203-04 (3d Cir. 2017).

a. Defendants are Amenable to Process and Plaintiff's Claims are Cognizable

The parties do not appear to dispute that Defendant can be served in India. This is unsurprising, as the parties are already involved in litigation there. Cmplt. ¶¶ 46-54. And

---

[5] Plaintiff argues that it is premature to decide a *forum non conveniens* motion prior to discovery in this action. Opp. at 11-12. The Third Circuit counsels, however, that such motions "should be decided at an early stage" so the parties do not "waste resources on discovery." *Loney v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 614 (3d Cir. 1991); *Polanco v. Dominican Republic*, 705 F. Supp. 3d 426, 434 (E.D. Pa. 2023). The Supreme Court, too, describes *forum non conveniens* as a "threshold, nonmerits" issue, *Sinochem*, 549 U.S. at 433, that does not need "extensive investigation" but can be decided on the parties' affidavits, *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529. Insofar as Plaintiff relies on state court decisions that guide otherwise, those decisions do not bind this Court when applying the federal common law doctrine of *forum non conveniens*. *See Kyko Glob., Inc. v. Prithvi Info. Sols. Ltd.*, No. 18-1290, 2020 WL 1159439, at *36 (W.D. Pa. Mar. 10, 2020) (noting *forum non conveniens* is a "federal common law doctrine" and following analysis "dictate[d]" by the Third Circuit).

Defendant has provided a declaration that it was served in that case. ECF No. 11-2 ¶ 18. This requirement is therefore met. *See Chigurupati v. Daiichi Sankyo Co., Ltd.*, No. 10-5495, 2011 WL 3443955, at *4 (D.N.J. Aug. 8, 2011) ("The extensive litigation history in India between the parties evinces Defendant's claim that [it] is amenable to process in India.").

The parties also do not appear to dispute that Plaintiff's claims are cognizable in India. Indeed, they agree that the substantive law to be applied does not differ materially between the forums. *See* Mot. at 25 (stating "New Jersey and India law both recognize causes of action" for the tort and contract claims asserted); Opp. at 21 (agreeing that "there is no conflict between the laws of India and the laws of New Jersey"). This requirement is therefore also met. *See Ace Am. Ins. Co. v. First Call Env't, LLC*, No. 21-2331, 2021 WL 4037459, at *3 (E.D. Pa. Sept. 3, 2021) (finding plaintiff's claims cognizable where its "routine contract and tort claims" could be heard in alternative forum).

    b. <u>Indian Courts are Not Inadequate Due to Either Delay or Limited Discovery Procedures</u>

Plaintiff argues that despite meeting the above requirements, India is nonetheless an inadequate forum because the remedy it offers is "so clearly inadequate or unsatisfactory that it is no remedy at all." Opp. at 21 (quoting *Acuna-Atalaya v. Newmont Mining Corp.*, 765 Fed. Appx. 811, 815 (3d Cir. 2019)). To support this claim, Plaintiff points to alleged "significant delays" in the Bombay High Court and insufficient "access to sources of evidence." Opp. at 20, 24.

    i. *The Bombay High Court is Not Inadequate Due to Delay*

A forum may be deemed inadequate for failure to provide a remedy if it suffers from "profound and extreme" delay. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1228 (3d Cir. 1995). In *Bhatnagar*, the Third Circuit upheld a district court finding that India did not

5

constitute an adequate alternative forum because the "average" case in the Calcutta High Court (the relevant foreign tribunal) would take 15-20 years to resolve, along with 3-6 years of appeals to follow. *Id.* The court explained that delays are inevitable in litigation, but found that waiting twenty-five years for finality was "intolerable." *Id.* A remedy so postponed, it held, was "no remedy at all." *Id.* at 1227-28.

Invoking *Bhatnagar*, Plaintiff argues that India is an inadequate forum because the Bombay High Court suffers from similar delays. Opp. at 22. In support, Plaintiff provides declarations from Dr. Susan Thomas, an economist and statistician who has studied "case lifecycles" at the Bombay High Court, and Mr. Bisheshwar Prasad Singh, a former Chief Justice of that court.[6] ECF No. 14-3 ¶¶ 2.1-2.5; ECF No. 14-2 ¶ 7. Dr. Thomas opines that based on datasets reviewed by her team, an estimated 60% of commercial cases filed in the Bombay High Court in 2017 remained pending as of 2023. ECF No. 14-3 ¶¶ 3.1-3.3. Dr. Thomas also finds that the "mean interval" between hearings at the court is six months, but that the range around the mean "varies widely" indicating "significant unpredictability" of scheduling. *Id.* ¶ 4.4. For his part, Justice Singh opines that lengthy delays are "accepted" in India and predicts that the India Litigation will be unresolved for "around 30-35 years." ECF No. 14-2 ¶¶ 5, 60.

Defendant counters with its own data to argue that the Bombay High Court is not plagued by the type of delay that would trigger *Bhatnagar*. Mot. at 13. It provides a declaration from Sharan Jagtiani, a Senior Advocate with over two decades of experience litigating before Indian tribunals. ECF No. 11-2 ¶¶ 3-4. Based on a review of publicly available information, Mr. Jagtiani concludes that as of 2023, only approximately 9% of commercial cases filed in the Bombay High Court

---

[6] "In deciding a motion to dismiss on the grounds of *forum non conveniens*, the court may consider materials outside of the pleadings, including affidavits and exhibits." *Alonso Hidalgo v. Agustawestland Phila. Corp.*, No. 20-6393, 2024 WL 388381, at *1 n.2 (E.D. Pa. Feb. 1, 2024) (collecting cases); *Turner v. Lam Rsch. Corp.*, No. 23-435, 2024 WL 4766208, at *3 n.6 (D. Del. Nov. 13, 2024).

remained pending for over ten years. *Id.* ¶ 60. Mr. Jagtiani also explains that the monetary threshold for jurisdiction at India's City Civil Courts was recently raised, leading to the expected transfer of around 1,360 commercial cases (with 4,523 pending as of September 2023) away from the Bombay High Court. *Id.* ¶¶ 60, 65-66. He opines that these transfers will further reduce delays. *Id.*

The Court finds that the Bombay High Court is not beset by the type of delay that would render India an inadequate forum. In *Bhatnagar*, the district court was presented with evidence that the "average" case in the relevant court would take about twenty-five years to resolve. 52 F.3d at 1228. The parties here provide evidence that as of 2023, 40% of commercial cases in the Bombay High Court reached finality in six years or less, while 91% of cases reached finality in ten years or less. ECF No. 14-3 ¶¶ 3.1-3.3; ECF No. 11-2 ¶ 60. These timelines fall short of the "egregious magnitude" described in *Bhatnagar*. 52 F.3d at 1228. And Defendant provides evidence that over a thousand cases will be transferred away from the Bombay High Court, likely reducing these timelines. ECF No. 11-2 ¶¶ 65-66. As for Justice Singh's prediction that the India Litigation will take 30-35 years, this conclusion is speculative and belied by the data. *See Derensis v. Coopers & Lybrad Chartered Accts.*, 930 F. Supp. 1003, 1010 (D.N.J. 1996) (declining to rely on "speculation" that was contradicted by parties' experts regarding foreign court system in deciding *forum non conveniens*). In short, the Court is convinced that the "average" case in the Bombay High Court does not face the "profound and extreme delay" identified in *Bhatnagar* as rendering redress illusory and the forum inadequate. *See In re Bancredit Cayman Ltd.*, No. 6-11026, 2008 WL 5396618, at *4 (Bankr. S.D.N.Y. Nov. 25, 2008) (finding possibility of 6-10 year delay did not render forum inadequate); *In re I.E. Liquidation, Inc.*, No. 6-62179, 2015 WL 5307446, at *4 (Bankr. N.D. Ohio Sept. 10, 2015) (noting that courts with "significant" delays of less than 15-25 years are "consistently found" to be adequate forums) (collecting cases)).

Although this finding is based on the evidence presented here, it is buoyed by several other courts' rejections of similar claims of severe delay in the Indian court system. In *Payoda, Inc. v. Photon Infotech, Inc.*, for example, the plaintiff argued that "endemic delays" rendered India an inadequate forum and estimated that trying its case there would take 25-30 years. No. 14-4103, 2016 WL 1059515, at *4 (N.D. Cal. Mar. 17, 2016). The court rejected this argument in part based on its finding that Indian civil procedure had been streamlined in the years since *Bhatnagar*. *Id.* Other courts have concluded likewise. *See, e.g.*, *BMR & Assocs., LLP v. SFW Cap. Partners, LLC*, 92 F. Supp. 3d 128, 138, 140-41 (S.D.N.Y. 2015) (rejecting argument that "delays in the courts of India are such that litigating there would . . . deprive Plaintiffs of a fair opportunity to litigate their claims"); *Gosain v. State Bank of India*, No. 9-4172, 2011 WL 13383362, at *2 (S.D.N.Y. June 15, 2011) (rejecting argument that "long delays in India's court system" render it not "an adequate alternative forum"). And courts in this district—although not specifically faced with claims of delay—have in the years since *Bhatnagar* found that Indian courts are an adequate alternative. *See Emqore Envesecure Private Cap. Tr. v. Singh*, No. 20-07324, 2022 WL 4104261, at *7 (D.N.J. Sept. 7, 2022) ("India, a country with an advanced legal system, is an adequate alternative forum for this action."); *Chigurupati*, 2011 WL 3443955, at *4. This context supports the Court's finding.

As for delay in the India Litigation itself, Plaintiff appears to be at least partially at fault. To start, the court in that action observed in 2024 that based on the record it was "only the plaintiff who is to blame" for the slow pace of proceedings, because it has not "pursued the matter with alacrity and in 'good faith.'" ECF No. 11-6 ¶ 14. Plaintiff refers to this finding as "inexplicable" and "non-binding" but does not provide good reason to doubt its accuracy. Opp. at 9. And its expert only states that it was "unusual" for the court to opine on a matter unrelated to the merits of the case, without casting doubt on its truth. ECF No. 11-2 ¶ 48. In any event, Plaintiff's expert

8

admits—even while claiming that it is "not responsible" for any delays—that Plaintiff failed to timely file its required Evidence Affidavit and has sought several adjournments. ECF No. 11-2 ¶ 4; *see also Id.* ¶¶ 22, 28 (seeking four adjournments in 2023-2024). These facts undercut Plaintiff's argument that congestion in the Indian courts is solely to blame for its prolonged litigation. *See Payoda*, 2016 WL 105915, at *4 (rejecting inadequacy argument based on delay in the Bombay High Court in part because "any delay is the result of [plaintiff's] own choice").

Finally, the Court notes that whatever misgivings it may have about proceeding in India, it was Plaintiff who decided to file suit there originally. Cmplt. ¶ 46. Any delays allegedly endemic to its court system would therefore have been foreseeable. *See BMR & Assocs., LLP*, 92 F. Supp. 3d at 141 (rejecting inadequacy argument in part because "[a]ny perceived backlog in the Indian courts" would not have been "unforeseeable at the time [plaintiff] chose" to litigate there). More broadly, Plaintiff chose to transact business in India, and to make purportedly binding unwritten agreements there. Cmplt. ¶¶ 1-8. As one court has remarked in similar circumstances, it is somewhat "anomalous" for a party to perform business in India, and to make contracts there, only to then claim that "delay make[s] India an unreasonable judicial forum." *Ramakrishna v. Besser Co.*, 172 F. Supp. 2d 926, 931 (E.D. Mich. 2001). After all, parties do not transact business in foreign jurisdictions "in reliance upon our courts." *Kyla Shipping Co. v. Shanghai Heavy Indus. Co., Ltd.*, No. 9-765, 2012 WL 1565634, at *6 (S.D. Ala. Apr. 30, 2012) (quoting *Cuba R.R. Co. v. Crosby*, 222 U.S. 473, 480 (1912)).

    ii. *The Bombay High Court is Not Inadequate Due to Its Discovery Rules*

In addition to purported delays, Plaintiff argues that the Bombay High Court is inadequate because of its allegedly insufficient discovery procedures. As Plaintiff states, it "has had no access to sources of evidence there." Opp. at 24. Although Plaintiff does not fully elaborate on this point,

9

the Court understands it to be a reference to assertions in the complaint that Defendant "failed to produce any discovery" in the India Litigation, leading Plaintiff to file a Section 1782 action in this Court. *See* Cmplt. ¶ 48.

However, it does not appear that Plaintiff sought discovery in the India Litigation on the material that it complains was only available through Section 1782. To wit, in the latter action, the court found that Plaintiff had "fail[ed] to explain" any such earlier efforts at discovery and concluded it was "not even clear" that efforts had been made. *In re Martin & Harris Priv. Ltd.*, No. 20-17070, 2021 WL 234069, at *5 (D.N.J. June 14, 2021). This is seemingly confirmed by Plaintiff's expert, who does not opine that discovery in the India Litigation was unsuccessful, but only that it would be "expensive" and "time consuming." ECF No. 14-2 ¶¶ 24, 26. Insofar as this argument appears to be a rehash of Plaintiff's position that litigation in India is lengthy and therefore costly, it has been addressed above.

Even if Plaintiff can establish that Indian discovery procedures are more narrowly circumscribed than ours, however, this would not support a finding of inadequacy. Notably, differences in rules of procedure—which are to be expected in a foreign tribunal—are "not dispositive" in an adequacy analysis. *Howden N.A. Inc. v. Ace Prop. & Cas. Ins. Co.*, 875 F. Supp. 2d 478, 490 (W.D. Pa. 2012). This includes rules of discovery. *Id.* ("As many courts have held, however, differences in the scope of discovery—indeed, even the complete absence of pretrial discovery—do not render a forum inadequate." (quoting *Deirmenjian v. Deutsche Bank, A.G.*, No. 6-774, 2006 WL 7479756, at *10 (C.D. Cal. Sept. 25, 2006)); *Path to Riches, LLC on behalf of M.M.T. Diagnostics (2014), Ltd. v. CardioLync, Inc.*, 290 F. Supp. 3d 280, 287 (D. Del. 2018) ("[T]he fact that the alternative forum provides for only limited discovery relative to that available in the United States is not by itself enough to render the forum inadequate."). Indeed, finding

10

otherwise would "effectively preclude" *forum non conveniens* dismissal to the many forums—including "all continental European jurisdictions"—that provide less discovery than courts in the United States. *Windt v. Qwest Commc'ns Intern., Inc.*, 544 F. Supp. 2d 409, 426 (D.N.J. 2008). In short, a foreign tribunal's discovery procedures may be "not as extensive" as those available here, and yet nonetheless be "perfectly adequate." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 160-61 (3d Cir. 2010) (quoting *Ernst v. Ernst*, 722 F. Supp. 61, 67-68 (S.D.N.Y. 1989).

### B. Plaintiff's Forum Choice is Due Reduced Deference

A "strong presumption of convenience" typically attaches to a plaintiff's choice of forum. *Kisano*, 737 F.3d at 873. That choice receives "less deference," however, when the plaintiff is foreign. *Id.*; *Windt v. Qwest Commc'ns Intern. Inc.*, 529 F.3d 183, 190 (3d Cir. 2008). This difference arises from a "reluctance to assume" that a forum in the United States is "a convenient one" for a plaintiff located abroad. *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170 (3d Cir. 1991); *see also Kisano*, 737 F.3d at 873-74 ("When the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable.") (quoting *Sinochem*, 549 U.S. at 430)). But a foreign plaintiff can overcome this reluctance with a "strong showing" that the local forum is indeed convenient. *Kisano*, 737 F.3d at 875; *Levien v. hibu plc*, 475 F. Supp. 3d 429, 443 (E.D. Pa. 2020).

Plaintiff here is a foreign company and has not made a "strong showing" that this forum is convenient; its choice accordingly receives "less deference." Plaintiff argues that New Jersey is convenient because it is Defendant's home state. Opp. at 13. But when, as here, the case has "little or no connection" to the chosen forum besides the defendant's place of incorporation, this suggests

11

that the forum "is not convenient." *Wit Software v. Talkdesk, Inc.*, No. 23-94, 2023 WL 3454193, at *5 (D. Del. May 15, 2023); *Wilmot*, 712 Fed. Appx. at 203 (upholding district court's decision to give "significantly less deference" to plaintiff's forum choice where "the lawsuit's only connection to the [forum] is that it is the defendant's place of incorporation"). On its own, Defendant's tie to New Jersey is simply "insufficient to transform" this foreign dispute "into a localized one." *Brunswick GmbH v. Bowling Switzerland, Inc.*, No. 7-471, 2008 WL 2795936, at *4 (D. Del. July 18, 2008).

The cases cited by Plaintiff, *Onischenko* and *Lony*, are inapposite. Opp. at 13. In *Onischenko*, for example, the court found that New Jersey was a convenient forum because the foreign plaintiff could not obtain jurisdiction over the defendant elsewhere, and because plaintiff itself was moving to the United States. 174 Fed. Appx. at 122. Neither of these facts are found here: Defendant is participating in the Indian Litigation and Plaintiff does not represent that it is moving. As to *Lony*, the court noted that the defendant's home forum housed "much of the evidence" needed to prove liability. 886 F.2d at 634. Once again, this consideration goes far beyond Plaintiff's bare assertion that New Jersey is convenient because Defendant is incorporated there.

### C. The Private and Public Interest Factors Strongly Favor Dismissal

Turning to the private and public interest factors, these must "tip decidedly" towards the foreign locale to justify dismissal. *Windt*, 529 F.3d at 192. Where the plaintiff's forum choice receives reduced deference, however, this is a lower bar to clear. *See Howden N.A. Inc. v. Ace Prop. & Cas. Ins. Co.*, 875 F. Supp. 2d 478, 499 (W.D. Pa. 2012) (interest factors must "overcome" deference to plaintiff's chosen forum); *see also Dabbous v. Am. Exp. Co.*, No. 6-11345, 2009 WL 1403930, at *9 (S.D.N.Y. May 8, 2009) ("[W]here, as here, the deference provided to Plaintiff's

choice of forum is limited due to the inconvenience of that forum, the weighing of factors need not be so lopsided in favor of dismissal."). As described below, both sets of factors weigh strongly in favor of dismissal and therefore overcome the reduced deference accorded to Plaintiff's choice of forum. *See Walters v. LandPro Equip., LLC*, No. 23-1745, 2023 WL 4919657, at *2-3 (E.D. Pa. Aug. 1, 2023) (dismissing where plaintiff's choice of forum was given "minimal weight" and was "outweighed" by private and public interest factors).

      a.   Private Interest Factors Strongly Favor Dismissal

Private interests to consider include "ease of access to sources of proof; ability to compel witness attendance if necessary; means to view relevant premises and objects; and any other potential obstacle impeding an otherwise easy, cost-effective, and expeditious trial." *Kisano*, 737 F.3d at 873. This list is not exhaustive, and some factors may not be relevant in each case. *Delta Air Lines*, 619 F.3d at 295. Ultimately, the analysis is trained on "the convenience of the litigants." *Piper Aircraft*, 454 U.S. at 241.

Defendant argues that private considerations favor dismissal because the "vast majority" of evidence and witnesses are in India, which it describes as the "center of events." Mot. at 20. Defendant also points to the "substantial inconvenience" for the parties of litigating two parallel actions regarding the same dispute. *Id.* at 21. Plaintiff asserts to the contrary that "many" witnesses and most document custodians reside outside India. Opp. at 17. Plaintiff also argues that regardless of the location of evidence and witnesses, each forum is equally convenient because documents can be transferred electronically, and witnesses can be deposed remotely. Opp. at 16, 19.

The Court agrees with Defendant that the location of evidence and witnesses strongly favors dismissal. Regarding evidence, 74% of the documents produced through the Section 1782 action came from India-based custodians, whereas 2% came from custodians in the United States.

ECF No. 11-23 ¶ 3. Although Plaintiff seeks to discount these figures by noting that six of the eleven document *custodians* were based outside of India, Opp. at 17; ECF No. 14-1 ¶ 9, this does not rebut the fact that a substantial majority of relevant *documents* came from inside that country. *See Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 525 (D.N.J. 1998) (finding private interest favors dismissal where "majority of documentary evidence" found outside forum). As to witnesses, twenty-eight out of the forty-two individuals identified as potential witnesses either during the India Litigation, the Section 1782 action, or in Plaintiff's opposition motion, appear to reside in India. *See* ECF Nos. 11-12 (witness list in India Litigation), 14-1 ¶ 7 (Plaintiff's declaration identifying additional potential witnesses), 18-6 (spreadsheet listing witnesses and their locations). This makes sense, as this case concerns business dealings and purported agreements made within that country. *See* Cmplt. ¶¶ 1-8. Because most of the evidence and witnesses are thus located abroad—where the disputed conduct occurred—these considerations strongly favor dismissal. *See Suhail v. Trans-Americainvest (St. Kitts), Ltd.*, No. 14-7386, 2015 WL 4598809, at *5 (D.N.J. July 29, 2015) ("Given that the majority of evidence and witnesses are located [abroad] . . . the relative ease and access to sources of proof weigh strongly in favor of dismissal."); *see also Church v. Glencore PLC*, No. 18-11477, 2020 WL 4382280, at *5 (D.N.J. July 31, 2020) ("Under the private interest factors, dismissal is generally favored when a majority of the evidence and witnesses are located in a foreign forum and the alleged misconduct is centered there.").

As for Plaintiff's contention that electronic documents can be easily transmitted and depositions can be taken remotely, the Court is unpersuaded that these facts render location inconsequential. If this were so, the location of evidence and witnesses would never play a role in the contemporary *forum non conveniens* analysis. But Plaintiff has provided no citation to that effect, and courts continue to analyze these factors in the age of word processing and

14

telecommunications. *See, e.g.*, *Wilmot*, 712 Fed. Appx. at 205 (upholding finding that private interests favor dismissal because "nearly all witnesses, evidence, and other sources of proof are outside the United States").

Finally, Plaintiff fails to address the argument that proceeding in two parallel actions regarding the same conduct impedes an "easy, cost-effective, and expeditious trial." This potential inconvenience—which will occur if this litigation goes forward—further weighs in favor of dismissal. *See Eurofins*, 623 F.3d at 162 (favoring dismissal where the parties would otherwise "face the substantial inconvenience of litigating two actions, which involve a common nucleus of operative facts, in two fora"); *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 869 (7th Cir. 2015) ("When dismissal might eliminate the need for similar litigation in multiple places, *forum non conveniens* is favored."). Resources are simply not well served by layering additional litigation on top of a longstanding suit proceeding elsewhere. *See Sinochem*, 549 U.S. at 435 ("Judicial economy is disserved by continuing litigation in the Eastern District of Pennsylvania given the proceedings long launched in China.").

      b. <u>Public Interest Factors Strongly Favor Dismissal</u>

Public interests to consider include "administrative difficulties arising from increasingly overburdened courts; local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty." *Kisano*, 737 F.3d at 873. As with the private factors, this list is not exhaustive, nor is every consideration relevant to each case. *Delta Air Lines*, 619 F.3d at 295. At bottom, the analysis looks to "the convenience of the forum." *Piper Aircraft*, 424 U.S. at 241.

Defendant argues that public considerations favor dismissal because India, as the locus of events, has a greater local interest in the action's outcome. Mot. at 22. Defendant also points to the potential for administrative difficulties resulting from inconsistent judgments should the case proceed in both forums. *Id.* at 21. Plaintiff argues to the contrary that New Jersey has a greater local interest in holding its corporations "accountable" for allegedly unlawful actions abroad. Opp. at 20. Plaintiff also reiterates that administrative considerations favor New Jersey because of the "extreme court congestion" in India. *Id.*

The Court agrees with Defendant that dismissal is strongly favored because India has a much greater local interest in deciding this matter. Not only did the events underlying this dispute occur there, but the Bombay High Court is already overseeing litigation regarding this dispute. *See Chigurupati*, 2011 WL 3443966, at *5 (finding public interest favors dismissal where "the locus of the majority of the relevant conduct occurred in India" and "there are related litigations taking place in India"). And although Plaintiff points to Defendant's New Jersey citizenship, this alone fails to outweigh the India-centric nature of the controversy. *See Wit*, 2023 WL 3454193, at *6 ("Where the locus of a dispute is foreign, as it is here, a defendant's incorporation in the forum state is insufficient to transform the matter into a localized controversy." (quoting *Brunswick*, 2008 WL 2795936, at *4)). Without a substantial local connection, moreover, it would make little sense to burden New Jersey residents with jury service in this action. *Windt*, 529 F.3d at 193 ("[W]ithout a dispute local to the community of New Jersey, there is little public interest in subjecting that community to the burdens of jury service.").

The Court also agrees with Defendant that administrative considerations further favor dismissal. Namely, if this action were to continue alongside the India Litigation, there is a possibility for conflicting orders and judgments creating "unnecessary administrative challenges."

16

*Emqore*, 2022 WL 4104261, at *8-9 (noting "administrative difficulties considering the related litigation currently pending in India" including "the risk of conflicting judgments and violation of court orders"); *Eurofins*, 623 F.3d at 163 (finding dismissal "will avoid the possibility of incongruous results stemming from parallel actions" in foreign tribunal). As to congestion in India, this claim has already been addressed above and found to be overstated. Accordingly, this concern is outweighed by India's strong local interest in deciding the matter and the potential challenges arising from parallel proceedings. *See Suhail*, 2015 WL 4598809, at *6 (finding public interest factors favor dismissal where the "New Jersey community has little interest in the dispute, while [the alternative forum] has a great interest in it" and litigating in New Jersey would "present unnecessary administrative difficulties").

IV. **CONCLUSION**

For the reasons discussed above, the Court finds that: (1) India is an adequate alternative forum; (2) Plaintiff's forum choice of New Jersey is accorded reduced deference; and (3) private and public interest factors strongly favor dismissal. The Court therefore concludes that dismissal is appropriate pursuant to *forum non conveniens*.

**Accordingly, IT IS** on this 23rd day of May, 2025,

**ORDERED** that Defendant's motion to dismiss (ECF No. 6) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED** without prejudice; and it is further

**ORDERED** that the clerk of court shall mark this matter closed.

**SO ORDERED.**

                                                  */s/ Claire C. Cecchi*
                                                  **CLAIRE C. CECCHI, U.S.D.J.**